## 43674. DOE v. RAMPLEY.
(351 SE2d 205)

GREGORY, Justice.

We consider the validity of an exclusion contained in the uninsured motorist coverage of an automobile liability insurance policy.

___

Certiorari was granted to review the opinion in *Rampley v. Doe*, 179 Ga. App. 475 (347 SE2d 255) (1986). The opinion of the Court of Appeals is affirmed.

The issue to be resolved is whether an insurer may exclude uninsured motorist coverage under circumstances where an insured is injured through the negligence of an uninsured motorist but at a time when the insured is occupying a motor vehicle furnished for his regular use and it is not a vehicle insured by the policy. We answer no to this question because we find the governing statute precludes the use of such an exclusion.

Emory Lee Rampley resided in a household which included his wife, Juanita Rampley, and his son, Robert Rampley. Globe American Casualty Company issued an automobile liability insurance policy to the son, Robert, under the terms of which Emory Lee was an insured. The policy included uninsured motorist coverage which contained the exclusion: "Anyone occupying a motor vehicle owned by or furnished for your regular use and not insured under this insurance is not protected by this insurance."

On March 26, 1985 Juanita filed suit for the wrongful death of her husband. She named John Doe the defendant and alleged her husband's death was caused by an unknown motorist who negligently drove his vehicle into the path of a truck driven by her husband. A collision ensued resulting in the death of her husband. The unknown motorist left the scene according to the affidavit of a witness. It was developed in discovery that the truck operated by Emory Lee was furnished for his regular use by his employer, Viking Freight Service. The suit was served on Globe American Casualty Company under the "John Doe" provisions of the uninsured motorist statute. OCGA § 33-7-11 (d). Globe filed answers and motions for summary judgment in its own name and on behalf of John Doe. The trial court granted summary judgment on the theory that uninsured motorist coverage was excluded under the clause quoted above. The Court of Appeals reversed.

1. This case is controlled by the language of the uninsured motorist statute. It is subject to debate whether it is desirable to allow insurers to exclude from uninsured motorist coverage losses arising while the insured is occupying a motor vehicle not covered under the policy which is furnished for the insured's regular use. The most typical situation is probably that present in the case at bar where an employer furnishes a vehicle to an employee. Desirable or not, such an exclusion is contrary to the statute and is of no effect. *Woods v. State Farm Mut. Auto. Ins. Co.*, 234 Ga. 782, 785 (218 SE2d 65) (1975); *State Farm Mut. Auto. Ins. Co. v. Murphy*, 226 Ga. 710 (177 SE2d 257) (1970); *Travelers Indem. Co. v. Williams,* 119 Ga. App. 414, 426 (167 SE2d 174) (1969). The statute provides: "No automobile liability

policy or motor vehicle liability policy shall be issued or delivered in this state . . . unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. . . ." OCGA § 33-7-11 (a) (1). This coverage must appear in every policy unless rejected in writing by the insured named in the policy. OCGA § 33-7-11 (a) (3). The focus of this requirement for coverage is on the owner or operator of a vehicle causing damages to the insured. The coverage attaches to the insured regardless of his location. He need not be in the insured automobile. The only requirement is that he be an insured who is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle. An exclusion which would avoid coverage if the insured is occupying a noncovered motor vehicle furnished for his regular use conflicts with this requirement.

Globe argues the exclusion is saved by the force of OCGA § 33-7-11 (a) (3) allowing the insured to waive uninsured motorist coverage. The cited section allows waiver, not modification. The minimum coverage required is fixed by the statute. There is no allowance for the substitution of a lesser coverage. We note the absence in the record of any written waiver of uninsured motorist coverage. The acceptance of a policy with a non-conforming uninsured motorist provision is not such a waiver as the statute contemplates.

2. Globe would have us consider another provision in its policy which provides that a vehicle owned by or furnished for the regular use of an insured is not an uninsured motor vehicle. Globe contends that the truck driven by the decedent was not an uninsured motor vehicle because it was furnished for the regular use of the decedent. But nothing here turns on the characterization of the truck. It is John Doe's missing vehicle which is alleged to have been uninsured and there is no contention it comes within the terms of this second exclusion. We do not reach the issue of the validity of the second exclusion.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 1987.

*Covington, Kilpatrick, Storey & Durham, James S. Kilpatrick,* for appellant.

*Mundy & Gammage, George E. Mundy,* for appellee.