A94A2108. METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY v. WHITE.
(456 SE2d 511)

RUFFIN, Judge.

Jeri White brought an action against William Stephens for personal injuries she sustained in an automobile accident. Since Stephens was an uninsured motorist, White sought uninsured motorist coverage under her stepfather, Dennis Watson's automobile insurance policy with Metropolitan Property & Casualty Insurance Company ("Metropolitan"). Metropolitan denied coverage and moved for summary judgment on the ground that White was not a "relative" of Watson's under the policy. We granted Metropolitan's application for interlocutory appeal to determine whether the trial court erred in de-

nying its motion for summary judgment.

Dennis Watson is the only named insured on the policy, and his address is listed as 332 River Oak Drive, Riverdale, Georgia. The uninsured motorist coverage section of the policy provides, in pertinent part, as follows: "We will pay bodily injury damages caused by an accident arising out of the ownership, maintenance, or use of an uninsured highway vehicle, which you or a *relative* are legally entitled to collect from the owner or driver of an uninsured highway vehicle." (Emphasis supplied.)

The policy defines "relative" as follows: "[R]elative" means a person related to [the insured] by blood or marriage or adoption, and who also resides in [the insured's] household. The insured's unmarried unemancipated children, while away from [the insured's] household attending school or in active military service, are considered residents of [the insured's] household. *Relative does not include any person or the spouse of any person who owns a private passenger automobile.*" (Emphasis supplied.)

In her response to Metropolitan's request for admissions, White admitted that she did not reside in Watson's household at the time of the accident. She also admitted that she was the registered owner of the 1979 AMC Concord involved in the collision with Stephens. Based on these admissions and the fact that the 1979 AMC Concord was deleted from Watson's policy four months prior to the accident, Metropolitan moved for summary judgment on the ground that White was not a "relative" under the policy because she did not reside in Watson's household and because she owned her own private passenger automobile.

In opposition to Metropolitan's motion, White contended that she was a 19-year-old student at American Beauty College in Riverdale, living with her stepsister in an apartment. She indicated that both sisters moved out of their parents' home approximately 18 months before the accident; that she did not intend the apartment to be her fixed and permanent home; that the household of Dennis Watson was her fixed and permanent home; and that prior to the accident, she and her sister discussed moving back home to the Watson residence. White argued that she was, therefore, entitled to coverage under the policy because she was unemancipated, unmarried, and living away from the Watson household while a student.

Pretermitting a determination of whether White was a resident relative at the time of the accident, since it is undisputed that she owned her own private passenger automobile, she does not otherwise satisfy the policy definition of a relative and therefore is excluded from coverage.

Relying on *Doe v. Rampley*, 256 Ga. 575 (351 SE2d 205) (1987), White contends that the portion of the definition of "relative" which

excludes persons who own private passenger automobiles is unenforceable because it denies coverage to otherwise qualified insureds contrary to the purposes of the uninsured motorist statute. We disagree and find to the contrary that the Metropolitan policy properly excludes from uninsured motorist coverage automobile owners who are required by Georgia's compulsory automobile insurance coverage requirement to obtain their own insurance coverage. After White's vehicle was deleted from the policy, she was required under OCGA § 33-34-4 to obtain motor vehicle insurance on her own vehicle. The uninsured motorist statute (OCGA § 33-7-11) did not relieve her of this responsibility. Thus, she cannot look to the uninsured motorist provision in Watson's policy for coverage for an accident in which she was driving her own vehicle. Accordingly, the trial court erred in denying Metropolitan's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., concurs. Blackburn, J., concurs in the judgment only.*

DECIDED MARCH 15, 1995 —
RECONSIDERATION DENIED MARCH 30, 1995 — 

*Swift, Currie, McGhee & Hiers, Jonathan M. Engram, Eric D. Miller,* for appellant.
*Van C. Wilks,* for appellee.