S95G1214. WHITE v. METROPOLITAN PROPERTY &
CASUALTY INSURANCE COMPANY.
(467 SE2d 332)

HINES, Justice.

We consider whether an insurance company may exclude from uninsured motorist coverage a resident relative of the named insured who owns her own automobile. Certiorari was granted to review the opinion in *Metropolitan Property &c. Ins. Co. v. White,* 217 Ga. App. 108 (456 SE2d 511) (1995). The decision of the Court of Appeals is reversed.

The issue to be resolved is whether under *Doe v. Rampley,* 256 Ga. 575 (351 SE2d 205) (1987), and OCGA § 33-7-11, an insurer may

provide by contract that a resident relative of the named insured who owns her own motor vehicle is excluded from uninsured motorist coverage when she otherwise meets the statutory definition of an insured.

Jeri White filed suit against William Stephens for personal injuries suffered in a collision between automobiles. Since Stephens was an uninsured motorist, White, who was driving her own automobile when the collision occurred, sought uninsured motorist coverage under her stepfather's automobile insurance policy with Metropolitan Property & Casualty Insurance Company (Metropolitan). Metropolitan denied coverage and moved for summary judgment on the ground that White was not a "relative" under her stepfather's policy. The uninsured motorist coverage portion of the policy provides coverage for the named insured and his relatives. The policy defines "relative" as follows: " '[R]elative' means a person related to [the named insured] by blood or marriage or adoption, and who also resides in [the named insured's] household. [The named insured's] unmarried and unemancipated children, while away from [the named insured's] household attending school or in active military service, are considered residents of [the named insured's] household. *Relative does not include any person or the spouse of any person who owns a private passenger automobile*." (Emphasis supplied.) The trial court denied Metropolitan's motion.

The Court of Appeals granted interlocutory appeal and reversed, finding that White did not satisfy the policy definition of a relative since she admitted owning a private passenger automobile.[1] The court dismissed White's contention that *Doe v. Rampley*, supra, renders this type of exclusion unenforceable because it denies coverage to an otherwise qualified insured contrary to the purpose of the uninsured motorist statute, reasoning that the policy properly excluded White since she was required by Georgia's compulsory automobile insurance coverage requirement to obtain her own automobile insurance after the vehicle was deleted from her stepfather's policy.

In *Rampley*, this Court held that "[a]n exclusion which would avoid coverage if the insured is occupying a noncovered motor vehicle furnished for his regular use conflicts with . . ." the requirements of the uninsured motorist statute and as a result is of no effect. Id. at 577. The court reasoned that: (1) every motor vehicle policy issued in Georgia must comply with the uninsured motorist statute and contain

---

[1] The court did not determine whether White was a "resident relative" of her stepfather's household under the uninsured motorist statute at the time of the collision. Metropolitan asserts that White was not a resident relative since she admitted to not residing in her stepfather's household. However, White contends that she was a resident relative since she was an unemancipated and unmarried 19-year-old student attending American Beauty College and she believed that her stepfather's household was her permanent home at the time of the collision. Likewise, we do not address this issue.

uninsured motorist coverage, unless it is waived in writing by the named insured; (2) uninsured motorist coverage attaches to the insured regardless of his or her location; and (3) the minimum coverage required is fixed by the statute and cannot be modified. Id.

Metropolitan contends the Court of Appeals correctly determined that *Rampley* and OCGA § 33-7-11 did not prohibit it from providing by contract that a resident relative of the named insured who owns her own automobile is not an insured and is therefore not entitled to uninsured motorist coverage under the policy.[2] We disagree.

The only requirement for recovery under the uninsured motorist statute is that an individual is an "insured who is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle." Id. The statute includes as an "insured" all resident relatives of the named insured while in an automobile or otherwise. OCGA § 33-7-11 (b) (1) (B). Insurance companies are prohibited from adjusting the minimum coverage required by the uninsured motorist statute. *Rampley* at 577. Thus, the statute does not allow an insurance company to exclude by contract resident relatives who own their own automobiles from uninsured motorist coverage since the coverage attaches to all resident relatives of the named insured regardless of whether they are in a motor vehicle or not. Id. Irrespective of whether the exclusion is desirable or not, it is contrary to the statute and is of no effect. Id. at 576.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 11, 1996.

*Van C. Wilks,* for appellant.

*Swift, Currie, McGhee & Hiers, Jonathan M. Engram,* for appellee.

*Webb, Tanner & Powell, Ralph L. Taylor III, Reynolds & McArthur, Charles M. Cork III,* amici curiae.

---

[2] The Court of Appeals further reasoned that the policy properly excluded White because she was required by the compulsory automobile insurance coverage requirement to obtain insurance on her own vehicle after it was deleted from her stepfather's policy. However, not securing an automobile liability policy is a misdemeanor under OCGA § 40-6-10 (a) (1), but it does not carry the sanction of excluding an innocent party from the definition of "insured" in the uninsured motorist statute and does not preclude him or her from an adequate recourse for recovery of damages he or she is legally entitled to pursue otherwise. See *Cotton States Mut. Ins. Co. v. Neese,* 254 Ga. 335, 341, n. 12 (329 SE2d 136) (1985).