A03A1453. MANNING v. USF&G INSURANCE COMPANY.
(589 SE2d 687)

MIKELL, Judge.

Becky Rae Manning filed an action against Deborah A. Wood ("Wood") and her son, Larkin D. Wood, II ("Larkin"), for personal injuries she sustained while a passenger in a car driven by Larkin. In her action, Manning alleged that Larkin lost control of the vehicle and that she was ejected when the vehicle rolled over. Among other things, Manning alleged that Larkin was negligent for driving under the influence of alcohol. In addition, Wood negligently entrusted her vehicle to Larkin after serving him alcohol. Manning also alleged that Wood was negligent for the separate act of furnishing alcohol to Larkin and/or allowing him to serve alcohol to minors in her home.

Manning sought punitive damages against Wood. Manning sent notice of her intent to seek recovery under Wood's homeowner's insurance policy to USF&G Insurance Company ("USF&G"), which issued the policy. USF&G filed a declaratory judgment action, and Manning's personal injury action against Wood and Larkin was stayed pending the resolution of USF&G's action.

Wood's homeowner's insurance policy excluded coverage for:

"bodily injury" or "property damage": . . . (f) Arising out of: (1) The ownership . . . [or] use . . . of motor vehicles . . . ; (2) The entrustment by an "insured" of a motor vehicle . . . to any person; or (3) Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.

USF&G filed a motion for summary judgment, arguing that the exclusion precluded coverage for Manning's injuries and requesting an order declaring that USF&G had no duty to defend Wood or provide coverage. The trial court granted the motion and entered the requested order. Manning appeals the trial court's order and presents a question of first impression for our consideration: whether an exclusion in a homeowner's policy denying coverage for incidents arising out of the use of a motor vehicle applies to a claim that the homeowner was negligent because she provided alcohol to minors in her home, and an automobile collision involving the minors ensued. We find that the exclusion does apply and affirm.

"An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others."[1] Though exclusions in insurance policies are strictly construed against the insurer, one that is plain and unambiguous binds the parties to its terms[2] and "must be given effect, even if beneficial to the insurer and detrimental to the insured. We will not strain to extend coverage where none was contracted or intended."[3]

Manning argues that we should conclude that USF&G has a duty to defend and/or indemnify Wood because the motor vehicle exclusion in the policy does not apply to Wood's separate negligent

[1] (Citation and punctuation omitted.) *Dynamic Cleaning Svc. v. First Financial Ins. Co.*, 208 Ga. App. 37, 38 (430 SE2d 33) (1993). Accord *Continental Cas. Co. v. H.S.I. Financial Svcs.*, 266 Ga. 260, 262 (466 SE2d 4) (1996).

[2] *Hartford Ins. Co. of the Southeast v. Franklin*, 206 Ga. App. 193, 194-195 (1) (424 SE2d 803) (1992).

[3] (Citations and punctuation omitted.) *Jefferson Ins. Co. of New York v. Dunn*, 269 Ga. 213, 216 (496 SE2d 696) (1998).

act of providing alcohol to Larkin. In so doing, she refers us to those jurisdictions that have concluded that where two negligent acts converge to cause an injury, one arguably covered by a homeowner's policy and the other excluded by that policy, the covered act does not lose coverage though mixed with the uncovered act.[4] Manning also relies heavily on *Sarp v. U. S. Fidelity &c. Co.*,[5] which, though factually indistinguishable from the instant case, does not comport with the precepts of Georgia law discussed below.

Though the issue in this case is one of first impression in Georgia, the concurrent cause analysis which Manning urges us to adopt has repeatedly been rejected by Georgia courts. This court considered this theory of liability in *Dynamic Cleaning Svc.*,[6] which involved the interpretation of an assault and battery exclusion. In that case, Dynamic had a contract to provide after-hours cleaning services to Dairy Queen. Its employee allowed a former employee of Dairy Queen to enter the premises, and that employee stabbed the store manager. Dynamic and its employee were sued on the grounds that the employee was negligent in allowing an unauthorized person to enter the premises and that Dynamic was vicariously liable for its employee's act.

Dynamic's insurer brought a declaratory judgment action to determine its duty to defend or indemnify, in light of the policy exclusion for lawsuits based on assault and battery, and on that basis, moved for summary judgment.[7] Dynamic and the employee moved for summary judgment, contending that the exclusion did not apply because the complaint alleged a cause of action for negligence, which the policy did not exclude. The trial court granted the insurer's motion and denied that of Dynamic and its employee. In the appeal of the trial court's order, we pointed out that "[t]he issue before us [was] not whether Dynamic should be liable for the negligence of [its employee] but whether the policy which it purchased protect[ed] it

---

[4] *Marquis v. State Farm Fire &c. Co.*, 265 Kan. 317, 327-329 (961 P2d 1213) (1998); *Auto-Owners Ins. Co. v. Selisker*, 435 NW2d 866, 868 (Minn. App. 1989); *Johns v. State Farm Fire &c. Co.*, 349 S2d 481, 484 (La. App. 1977).

[5] 572 S2d 158, 160 (La. App. 1990). The policy in this case excluded damages arising out of any premises owned by the insured and the use of a motor vehicle owned or operated by the insured. The Louisiana court held that by its terms, the motor vehicle exclusion applied to the accident; thus the insured was not vicariously liable for his son's negligent use of the automobile. However, though the use of the automobile was an essential fact of the accident, it was not an essential component of the theory of liability, i.e., the insured's negligent act of giving alcohol to a minor in his home. Id. Thus, the exclusion did not encompass the insured's liability for serving the alcohol that was causally related to the accident.

[6] Supra.

[7] Id. at 38.

against the type of harm which occurred."[8] Concluding that the policy excluded coverage for the plaintiff's injuries, we held that

> [a]lthough the complaint alleges that [the employee] was negligent in creating the circumstances which allowed the assault to occur, the injuries which gave rise to the cause of action arose out of and were clearly based on the assault and battery. Consequently, the fact that [the employee] may have negligently allowed the assault to occur does not negate the effect of the exclusion.[9]

In *Continental Cas. Co.*,[10] which involved the interpretation of an exclusion in a legal malpractice insurance policy, the Supreme Court succinctly summarized our holding in *Dynamic Cleaning Svc.*, as follows: "coverage need not be provided *even [where] negligence [is] asserted as a concurrent cause of the harm* suffered by an insured, because that harm clearly arose out of conduct that was within the scope of an insurance policy exclusionary clause."[11] Continental Casualty filed an action to determine whether it was required to defend an insured law firm in a suit to recover funds that were improperly withdrawn from a client escrow account by a partner for his personal use. The policy insured the firm and its three named partners. The exclusion in the policy provided that "Continental will not pay, under the coverage part, for: Any claim arising out of any dishonest, fraudulent, criminal, or malicious act by an insured or any of an insured's partners, officers, stockholders, or employees."[12] The complaint against the law firm included claims of negligence and legal malpractice, asserting that the two partners who were not involved in the withdrawal of funds failed to supervise and ensure the proper accounting of the client's funds.

The Supreme Court ruled consistently with our decision in *Dynamic Cleaning Svc.* and held that though the theft of the funds clearly fell within the exclusion relating to dishonest, fraudulent, criminal, and malicious acts, the claim against the other partners "'arose out of' [their fellow partner's] actions, because but for [his] actions, there could be no claim against [the other partners]."[13] The Court concluded that the other partners' argument, that the client's

---

[8] Id. at 39.
[9] Id. at 38.
[10] Supra.
[11] (Footnote omitted; emphasis supplied.) Id. at 262-263.
[12] (Punctuation omitted.) Id. at 261.
[13] Id. at 262.

claims against them asserted independent and concurrent negligent acts that were covered under the policy,

> misse[d] the mark, because the exclusionary clause is not at all concerned with whether ancillary acts of less culpable partners may have contributed to the loss which [the client] suffered as a result of [the fellow partner's] actions. Rather, by its express terms, the exclusionary clause is focused solely upon the genesis of [the client's] claims — if those claims *arose out of* [that partner's] culpable conduct, as they did, then coverage need not be provided. Consequently, the fact that [the nonculpable partners] may have negligently allowed [the culpable partner] to perpetuate his theft of [the client's] funds does not negate the plain effect of the policy's exclusionary clause.[14]

Two years later in *Dunn*,[15] the Supreme Court again rejected the concurrent cause analysis. Dunn sustained brain damage after he was severely beaten in a parking lot by an employee of the Jolly Fox Lounge. Dunn filed an action against the employee, alleging intentional assault and battery, and against the lounge, alleging respondeat superior. The lounge's insurer refused to defend it, "relying on a policy endorsement which excluded coverage for injuries or death *alleged to have been caused* by ASSAULT AND/OR BATTERY."[16] Dunn amended his complaint to include claims of negligent hiring, negligent supervision, and malicious prosecution. The trial court granted a motion in limine which precluded the insurer from arguing that its policy excluded coverage for Dunn's claim. The Supreme Court reversed, applying its decision in *Continental Cas. Co.* and held that " 'but for' an assault and battery *caused by* the employee, there could be no claim against [the lounge]."[17] Thus, coverage for Dunn's claim was excluded under the policy as the alleged independent acts of negligence did not negate the exclusion.

Based on the cases cited above, we reject Manning's contention that USF&G has a duty to defend Wood because Wood's negligent act of providing alcohol to her minor son was a concurrent cause of Manning's injuries. Although the General Assembly has imposed liability for the service of alcohol in violation of the dram shop law,[18] "no law

---

[14] (Footnote omitted; emphasis in original.) Id.
[15] Supra at 213.
[16] (Punctuation and footnote omitted; emphasis supplied.) Id.
[17] (Emphasis in original.) Id. at 216.
[18] [A] person . . . who willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a person who is not of lawful drinking age, knowing that such person will soon be driving a motor vehicle, or who knowingly sells, fur-

or policy of this State requires *insurance coverage* for such a liability."[19] We emphasize here, as we did in *Dynamic Cleaning Svc.*, that the question on appeal is not whether Wood is liable for Manning's injuries, but whether Wood's homeowner's insurance protects her against the type of harm that occurred. We find that the motor vehicle exclusion applies because the damages sought arose out of an automobile accident, and the alleged independent act of negligence does not negate the exclusion. Thus, we affirm the trial court's grant of summary judgment to USF&G.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 13, 2003 — 

*Andersen, Tate, Mahaffey & McGarity, J. Michael McGarity, Kimberli C. Withrow, Christopher R. Stovall*, for appellant.

*Gray, Rust, St. Amand, Moffett & Brieske, James T. Brieske*, for appellee.

---

nishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, may become liable for injury or damage caused by or resulting from the intoxication of such minor or person when the sale, furnishing, or serving is the proximate cause of such injury or damage. OCGA § 51-1-40 (b).

[19] (Emphasis in original.) *Franklin*, supra at 195 (2). Accord *Kirby v. Northwestern Nat. Cas. Co.*, 213 Ga. App. 673, 675-676 (1) (445 SE2d 791) (1994).