A07A0916. WAGNER v. NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY et al.
(653 SE2d 526)

SMITH, Presiding Judge.

In this appeal, we once again are called upon to decide the validity of a policy exclusion imposed upon uninsured motorist (UM) coverage. Nationwide Mutual Fire Insurance Company seeks to deny UM coverage to its insured, Sherrie Wagner, on the basis of a provision in her personal automobile policy excluding UM coverage when an insured is carrying persons or property for a fee. We conclude that the public policy of this state forbids this exclusion because it denies statutorily mandated coverage to an otherwise qualified insured, and we therefore reverse.

The relevant facts are not in dispute. Wagner was involved in a collision with an uninsured or underinsured motorist, and she brought this action against that driver, the owner of the vehicle he was driving, the UM carrier on Wagner's personal automobile insurance policy, Nationwide, and the UM carrier for the truck she was driving. At her deposition, Wagner testified that she was driving a truck for her employer at the time of the collision and that the truck was owned by another company and provided by her employer.

Nationwide moved for summary judgment on the basis of a policy exclusion in its UM coverage for the "[u]se of any motor vehicle by an insured to carry persons or property for a fee." The trial court granted summary judgment in favor of Nationwide, observing that under the plain language of the exclusion Wagner was not entitled to claim under her personal UM policy. This appeal followed.

The Georgia Supreme Court and this court have emphasized repeatedly the remedial nature and purpose of the UM statute, OCGA § 33-7-11.

> The purpose of uninsured motorist legislation is to require some provision for first-party insurance coverage to facilitate indemnification for injuries to a person who is legally

entitled to recover damages from an uninsured motorist, and thereby to protect innocent victims from the negligence of irresponsible drivers. Uninsured motorist statutes are remedial in nature and must be broadly construed to accomplish the legislative purpose.

(Citations and punctuation omitted.) *Smith v. Commercial Union Assurance Co.*, 246 Ga. 50, 51 (268 SE2d 632) (1980). "The language of the statute is plain and it is not illogical. It clearly states that the insurer is to pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. All means all, every single one." (Citations, punctuation and emphasis omitted.) *Gordon v. Atlanta Cas. Co.*, 279 Ga. 148, 149 (611 SE2d 24) (2005). "*There are no exceptions or qualifications to this statutory requirement.* The plain mandate of the statute is to provide payment for all sums which the insured is legally entitled to recover as damages from the uninsured motorist." (Citations, punctuation and footnotes omitted; emphasis in original.) *Abrohams v. Atlantic Mut. Ins. Agency*, 282 Ga. App. 176, 179 (1) (638 SE2d 330) (2006).

The focus of this requirement for coverage is on the owner or operator of a vehicle causing damages to the insured. The coverage attaches to the insured regardless of his location. He need not be in the insured automobile. *The only requirement is that he be an insured who is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle.* An exclusion which would avoid coverage if the insured is occupying a noncovered motor vehicle furnished for his regular use conflicts with this requirement.

(Emphasis supplied.) *Doe v. Rampley*, 256 Ga. 575, 577 (1) (351 SE2d 205) (1987).

The case law is replete with examples of invalid exclusions struck down because they conflict with the remedial purpose of UM coverage. See, e.g., *State Farm &c. Ins. Co. v. Carlson*, 130 Ga. App. 27, 30-31 (2) (202 SE2d 213) (1973) (exclusion of government-owned vehicles); *Abrohams*, supra, 282 Ga. App. at 181 (3) (exclusion from umbrella or excess policy); *Gulf &c. Cas. Co. v. McNeal*, 115 Ga. App. 286, 291 (3) (154 SE2d 411) (1967) (exclusion of named insured or members of his household injured while occupying noninsured vehicle or while pedestrians); *Rampley*, supra, 256 Ga. at 577 (exclusion of injury suffered in a company vehicle driven by the insured).

In *Rampley*, the decedent, an insured under the policy, was driving a truck furnished by his employer. The Supreme Court held

that an insurer could not exclude UM coverage on the basis of the truck involved being a nonowned vehicle furnished for the decedent's regular use but not identified as a covered vehicle under the policy. Id.

In *White v. Metro. &c. Ins. Co.*, 266 Ga. 371, 373 (467 SE2d 333) (1996), the Georgia Supreme Court held that an injury caused by an uninsured motorist cannot be excluded from UM coverage, although the vehicle occupied by the injured person was owned by another and had been deleted from the insured's automobile policy. Even in that instance, UM coverage could not exclude resident relatives who own their own vehicles, "since the coverage attaches to all resident relatives of the named insured regardless of whether they are in a motor vehicle or not. [Cit.]" Id.

Nationwide's only response to this well-established line of cases is to argue that this court has "moved away from *Doe v. Rampley*" and "the *Doe* holding is no longer applicable in this analysis," citing a single decision, *Manning v. USF&G Ins. Co.*, 264 Ga. App. 102 (589 SE2d 687) (2003), for this unusual proposition. But *Manning* construes the insurer's duty to defend under a *homeowner's liability policy*, and is thus completely irrelevant to the issue of an attempted policy exclusion from mandatory UM coverage. "Irrespective of whether the exclusion is desirable or not, it is contrary to the statute and is of no effect. [Cit.]" *White*, supra, 266 Ga. at 373. We therefore must reverse the judgment of the trial court.

*Judgment reversed. Barnes, C. J., and Miller, J., concur.*

DECIDED OCTOBER 30, 2007.

*William H. Stoll*, for appellant.

*Hammond, Carter & DeNapoli, Anthony E. DeNapoli*, for appellees.

*Harris, Penn & Lowry, Darren W. Penn*, amicus curiae.