[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12390

_____

D.C. Docket No. 1:16-cv-00306-ELR

PRAETORIAN INSURANCE COMPANY,

Plaintiff -
Counter Defendant -
Appellee,

versus

YAARAB TEMPLE A.A.O.N.M.S.,
a.k.a. Cherokee Shrine Club Holding Corporation,

Defendant,

HORACE COLLINS,
PRESTON DONNIE PENNEY,

Defendants -
Counter Claimants -
Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(October 3, 2019)

Before ED CARNES, Chief Judge, TJOFLAT, and BRANCH, Circuit Judges.

PER CURIAM:

Horace Collins and Preston Donnie Penney appeal from the district court's grant of summary judgment to Praetorian Insurance Company in a declaratory judgment action Praetorian brought to determine whether it owed uninsured motorist ("UM") benefits to Collins and Penney. The lawsuit arose because Collins and Penney were in an accident while driving back to a local Shrine club in Collins's personal vehicle after participating in a parade as members of the Yaarab Temple, a philanthropic fraternal organization. Praetorian did not insure Collins or Penney personally, rather only the Yaarab Temple and its affiliated activities. The district court granted Praetorian summary judgment, holding that Collins and Penney were not entitled to UM benefits. After careful review of the record, and after hearing the arguments of all parties, we affirm.[1]

Collins and Penney admitted in arguments before this Court and in their respective briefs that the district court was correct in interpreting the unambiguous language of the policy not to include UM coverage for Collins and Preston. They maintained, however, that though Praetorian did not intend to include UM coverage for either of them, Georgia law requires that this coverage be grafted into

---

[1] Appellants did not contest the second holding of the district court, which was that Praetorian did not owe Auto Medical Payments to Collins and Penney. Since that issue is not before us, we express no opinion on the correctness of the district court's ruling.

the policy because Praetorian agreed to provide liability insurance for Yaarab that extended to Preston and Collins in certain situations.  Despite the Appellants' contentions to the contrary, the district court clearly understood, considered, and rejected this argument:

> Defendants maintain that they have UM coverage because they are insureds under the liability provision of the Policy. Defendants argue that the UM provision in the Policy is contrary to the [O.C.G.A. § 33-7-11] because the statute requires that if they are insureds under the liability provision, they must also be insureds under the UM provision.
>
> Although Defendants appear to rely on *Doe* for this proposition, *Doe* does not support Defendants' argument that an insured for UM coverage is defined by who is an insured under the auto liability policy. 256 Ga. 575 (1987). Nowhere does *Doe* state that an insured is defined by the liability policy. The language quoted from *Doe* by Defendants is referring to how the Georgia UM statute defines an insured, specifically, based on who the person is rather than the vehicle involved. This important distinction, which Defendants overlook, was solidified by the Georgia Court of Appeals in *Dunn-Craft*, [314 Ga. App. 620 (2012),] which explicitly explained how to define "insured" for purposes of the UM statute, as set forth above. Thus, Defendants have not provided ample support for their argument that the Court must look to the liability provision to define an insured for UM coverage under a separate UM provision. Instead, Georgia courts consistently look only to the UM provisions of insurance policies in determining compliance with Georgia's UM statute, and the Court finds that Defendants' reading of the Georgia UM statute is too broad and dissimilar to the analysis Georgia courts use in scrutinizing UM coverage. *See Chastain v. U.S. Fid. & Guar. Co.*, 199 Ga. App. 86, 87 (1991) (looking to the definitions and restrictions

within the UM endorsement to determine UM coverage for the entire Policy); *see also Georgia Farm Bureau Mut. Ins. Co. v. Claxton*, No. A18A0737, 2018 WL 1573032, at *1 (Ga. Ct. App. Apr. 2, 2018) (same); *Bernard v. Nationwide Mut. Fire Ins. Co.*, 206 Ga. App. 519, 519-20 (1992) (same); cf. *Dunn-Craft*, 314 Ga. App. at 622-23 (ruling that the plaintiff can recover UM benefits under a policy for the vehicle involved in the accident but not under three other policies because the plaintiff was not the named insured, was not the spouse of the insured, or relatives of either, and because the vehicle in the accident was not covered under the other three policies).

Therefore, this Court must do the same and look only to the Policy's UM provision. Accordingly, after careful review, the Court finds that the Policy is not contrary to Georgia law and does not afford Defendants UM coverage.

*Praetorian Ins. Co. v. Collins*, No. 1:16-CV-00306-ELR, 2018 WL 8263074, at *5 (N.D. Ga. May 9, 2018). We note that the district court correctly ascertained that *Doe v. Rampley*, 351 S.E.2d 205 (Ga. 1987), upon which Appellants rely,[2] does not support their contention. *Doe* merely stands for the proposition that the requirements of the Georgia UM statute, O.C.G.A. § 33-7-11, attach depending on who is insured rather than what vehicle is involved. *See Doe*, 351 S.E.2d at 206. We agree with the district court's holding and adopt its reasoning as our own.

---

[2] Penney acknowledges that *Doe* is not helpful for the Appellants in his brief. However, the language of the statute is no help to Penney either: UM coverage is only mandated for a liability policy taken out "upon any" motor vehicle. O.C.G.A. § 33-7-11. As Praetorian noted in its brief, the liability policy in this case was not taken out on Appellants' car, but only covered Appellants themselves while driving in the insured party's events.

**AFFIRMED**.