47955. GRIFFIN et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

ARGUED MARCH 5, 1973 — DECIDED JUNE 8, 1973.

*Neely, Freeman & Hawkins, A. Timothy Jones,* for appellants.
*Rogers, Magruder & Hoyt, Wade C. Hoyt, Jr.,* for appellees.

QUILLIAN, Judge. In this court State Farm contends the trial judge correctly granted its motion for summary judgment predicated on the following contentions: (1) that Mary Elizabeth Griffin is a named insured; (2) that she was a resident of the same

household of the insured named on the original policy; (3) that the insured car was a family purpose car and that Mary Elizabeth Griffin was using the car with the permission of the named insured.

1. State Farm contends that the amendment to the Travelers' policy which added Mary Elizabeth Griffin as a driver of the vehicle made her a named insured. The policy defines a named insured as "any individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household." The only person named in the amendment to the policy under Item 1 is Nellie Ruth Griffin the spouse of Harland Griffin. Thus, there is no merit to the contention.

2. Was Mary Elizabeth Griffin a resident of the same household of the insured under the Travelers' policy? Georgia law provides that the domicile of the minor shall be that of the father and that a person non sui juris "can, by no .act of volition of his, effect a change of his own domicile." Code §§ 79-404, 79-407. Nevertheless, residence and domicile are not synonymous. As has been pointed out a person may have two places of residence but only one domicile. Residence means living in a particular locality and simply requires bodily presence as an inhabitant in a given place. Black's Law Dictionary (4th Ed.) p. 1473. In consideration of this type question the courts have made a distinction between legal residence and actual residence. The best approach is to give the term a fair common sense construction. Allen v. Maryland Cas. Co., 259 FSupp. 505; Ladner v. Andrews, (La. App.) 216 S.2d 365, 367. In *Travelers Ins. Co. v. Mixon,* 118 Ga. App. 31 (162 SE2d 830), this court considered a situation involving a 19 year-old and construed the term residence in just such a fashion, finding in that case that the question as to whether the son was a resident in his father's household was a jury issue. Here on summary judgment we cannot hold as a matter of law that the daughter was a resident of the same household so as to demand a finding in favor of State Farm.

3. In *Ditmyer v. American Liberty Ins. Co.,* 117 Ga. App. 512, 519 (160 SE2d 844), the majority of this court rejected the "first instance permission" rule and instead adopted the rule that "while a slight or inconsequential deviation from the permission given will not annul the coverage of the omnibus clause (see *Hodges v. Ocean Accident &c. Corp.,* [66 Ga. App. 431 (18 SE2d 28)]), there is an absence of permission within the meaning of the policy if the vehicle is being driven at a time or a place or for a purpose not authorized by the insured." In this case the burden was upon the

movant to establish that the act of the daughter in running off and utilizing the car in doing so was within the scope of the permission. The evidence failed to establish this as a matter of law and hence summary judgment on this ground was not proper. It appearing that there were issues of material fact to be considered, the trial judge erred in granting State Farm's motion for summary judgment.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*