A89A0160. FORD v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(382 SE2d 659)

CARLEY, Chief Judge.

Prior to 1980, an injured party was allowed to stack multiple uninsured motorist coverages if the tortfeasor was totally uninsured but an injured party was not allowed to do so if the tortfeasor was merely underinsured. See *Cotton States Mut. Ins. Co. v. Austin*, 143 Ga. App. 309 (238 SE2d 253) (1977). In 1980, the legislature amended OCGA § 33-7-11 (b) (1) (D) so as to redefine "uninsured motor vehicle." The courts have since construed this redefinition of "uninsured motor vehicle" as evidencing a legislative intent to extend the right to stack multiple uninsured motorist coverages to those parties who have been injured by an underinsured tortfeasor. See *State Farm Mut. Auto. Ins. Co. v. Hancock*, 164 Ga. App. 32 (295 SE2d 359) (1982). The issue presented for resolution in this appeal is the *extent* to which one who has been injured by an underinsured tortfeasor has the right to stack.

That issue arises in the following context: Appellant-plaintiff was injured when his employer's vehicle was struck by a vehicle that was being operated by Jerry Miller. Miller has a policy of automobile insurance which provides $25,000 in bodily injury liability coverage. Appellee-defendant is appellant's own automobile insurance carrier and, in that capacity, it provides appellant with $15,000 in uninsured motorist coverage. Appellant's wife also has her own automobile policy with appellee which provides $15,000 in uninsured motorist coverage. Appellant is an insured under his wife's policy. Appellant's employer has an automobile policy which provides $40,000 in uninsured motorist coverage. Appellant is an insured under his employer's policy.

Appellant brought suit against Miller and he also served appellee. Appellee filed an answer in its own name and it thereby became a party to the action. See generally *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165 (268 SE2d 676) (1980). Subsequently, appellee filed a motion for summary judgment, urging that, although appellant was an insured under his wife's and his employer's policies, he was not entitled to stack the uninsured motorist coverages of those policies. Since the $25,000 in liability coverage available under Miller's policy exceeded the $15,000 in uninsured motorist coverage available under appellant's own policy, it was appellee's contention that it had no contractual obligation to provide any uninsured motorist benefits to appellant. Appellant filed a cross-motion for summary judgment, urging that, as an insured under his wife's and his employer's policies, he was entitled to stack the uninsured motorist coverages of those policies. Because the $25,000 in available liability coverage was less than the entire $70,000 in uninsured motorist coverage available pursuant to stacking, it was appellant's contention that appellee had the contractual obligation to provide him up to $15,000 in coverage under his own policy and then to provide him coverage up to the limits of his wife's policy. The trial court conducted a hearing on the cross-motions and granted summary judgment in favor of appellee and denied appellant's motion for summary judgment. It is from that order of the trial court that appellant brings this appeal.

Appellee relies upon the wording of the 1980 amendment to OCGA § 33-7-11 (b) (1) (D), as subsequently amended in 1986, as the support for its contention that appellant has no right to stack the uninsured motorist coverages of his wife's and his employer's policies. That statute provides, in relevant part, that an "uninsured motor vehicle" is a vehicle as to which there is liability insurance "with available coverages which are less than the limits of the uninsured motorist coverage provided under *the insured's insurance policy*, but the motor vehicle shall only be considered to be uninsured for the amount of the difference between the available coverages under the . . . liability insurance . . . on such motor vehicle and the limits of the uninsured

motorist coverage provided under *the insured's motor vehicle insurance policy. . . .*" (Emphasis supplied.) OCGA § 33-7-11 (b) (1) (D) (ii). According to appellee, one is not an "insured" under a given policy and that policy cannot be considered to be his unless he is the *named* insured therein. Thus, appellee urges that one who is injured by an underinsured motorist would be authorized to stack only the uninsured motorist coverages of those policies wherein he is the named insured.

The statute speaks in terms of "the insured's" policies, not of "the *named* insured's" policies. If, in consideration of the payment of a premium, an injured party would otherwise be entitled to benefits under a given policy, he is as much an "insured" thereunder as the named insured would be and, insofar as the right to receive benefits is concerned, that policy is as much his as it is the named insured's. Appellee recognizes that the construction of OCGA § 33-7-11 (b) (1) (D) (ii) that it advances has been implicitly rejected in previous decisions of this court. See *Travelers Indem. Co. v. Md. Cas. Co.*, 190 Ga. App. 455 (379 SE2d 183) (1989) (injured party insured for purposes of stacking uninsured motorist coverages under her mother's and her employer's policies); *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185 (345 SE2d 858) (1986) (injured party insured for purposes of stacking uninsured motorist coverage under his employer's policy); *Georgia Farm Bureau Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 173 Ga. App. 844 (328 SE2d 737) (1985), aff'd 255 Ga. 166 (336 SE2d 237) (1985) (injured party insured for purposes of stacking uninsured motorist coverage under his host driver's policy). We now explicitly reject such a construction of OCGA § 33-7-11 (b) (1) (D) (ii). "The statute is designed to protect the insured as to his actual loss, within the limits of the policy or *policies of which he is the beneficiary.*" (Emphasis supplied.) *State Farm Mut. Auto. Ins. Co. v. Murphy*, 226 Ga. 710, 714 (177 SE2d 257) (1970).

It is undisputed that appellant is an insured under his wife's and his employer's policies. It follows that appellant is entitled to stack the respective $15,000 and $40,000 uninsured motorist coverages of those policies on the $15,000 coverage of his own policy. Since the $70,000 in uninsured motorist coverage available to appellant exceeds the $25,000 in liability coverage available under Miller's policy, appellee is contractually obligated, as appellant's own uninsured motorist carrier, to provide him up to $15,000 in coverage and then to provide him coverage up to the limits of his wife's policy. See *Travelers Indem. Co. v. Md. Cas. Co.*, supra. The trial court erred in granting summary judgment in favor of appellee and in denying appellant's motion for summary judgment.

*Judgments reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 9, 1989 —
REHEARING DENIED JUNE 1, 1989 —

*Hodges, Erwin & Hedrick, William H. Hedrick*, for appellant.
*Watson, Spence, Lowe & Chambless, Mark A. Gonnerman, Dawn G. Benson*, for appellee.