A91A2112. HALL et al. v. REGAL INSURANCE COMPANY et al.
(414 SE2d 669)

BIRDSONG, Presiding Judge.
This appeal arises as a grant of interlocutory review under the provisions of OCGA § 5-6-34 (b). Appellant/plaintiff Janice Hall was

in an automobile collision with defendant Bonita Hodges. Janice Hall and her husband brought suit against Hodges and served Regal Insurance Company who was appellant Janice Hall's insurer for uninsured/underinsured motorist coverage. Regal elected to file defensive pleadings in its own name, filed a cross-claim against Bonita Hodges, and then sought to initiate discovery. The trial court granted a protective order preventing Regal from deposing appellants. Thereafter, Regal sought to take a deposition of one of Janice Hall's treating physicians. Appellants contested this discovery procedure by filing a motion for protective order and a motion to drop Regal as a party to this action; the basis for the action was that Regal was not a party to the case and could not be a party pursuant to OCGA § 33-7-11 since this case involves a question of underinsured motorist coverage rather than uninsured motorist coverage. These motions were denied and appellants enumerate this disposition as error: (1) on the grounds the trial court erroneously concluded that OCGA § 33-7-11 requires such a holding and allows an insurer who is providing "underinsured" coverage the same rights and benefits as an insurer providing "uninsured" coverage; and, (2) because, said ruling is contrary to OCGA §§ 33-7-11 (d) (2); 40-9-32, and 40-9-34. *Held:*

1. The basic issue before this court is whether an insurer who is providing underinsured coverage can claim all the rights and benefits pursuant to OCGA § 33-7-11 (d), which are normally afforded an insurer providing uninsured coverage. The essence of appellants' argument is that OCGA § 9-11-26 discovery is limited to parties to a suit, and Regal is not a party as the provisions of OCGA § 33-7-11 (d) pertain only to situations involving an uninsured and not to an underinsured.

In 1980, the Uninsured Motorist Act was amended to change the definition of an "uninsured motor vehicle." The amended definition provides that in addition to vehicles being covered by no bodily injury and property damage liability insurance, an "uninsured motor vehicle" means a motor vehicle, other than those vehicles excluded by the language of OCGA § 33-7-11 (b) (1) (D), as to which there is bodily injury liability insurance and property damage liability insurance with available coverages *which are less than* the limits of the uninsured motorist coverage provided under the insured's (injured party's) insurance policy. OCGA § 33-7-11 (b) (1) (D) (ii). Thus, the term was expanded to include the underinsured motor vehicle situation.

Construing OCGA § 33-7-11 broadly as we are required to do (*Smith v. Commercial Union Assur. Co.*, 246 Ga. 50, 51 (268 SE2d 632)), we find it reflects on its face that the legislature intended OCGA § 33-7-11 (d) to include within its circumscription both uninsured and underinsured motor vehicle situations; and, that Regal had

the same rights under OCGA § 33-7-11 (d) as would any insurance company who had filed an answer in its own name in an uninsured motor vehicle suit (see generally *Starks v. Robinson*, 189 Ga. App. 168 (1) (375 SE2d 86)).

In this regard, we note that OCGA § 33-7-11 (d) (2) makes express reference to "an uninsured motor vehicle" and that term as "used in this Code section" includes an underinsured motor vehicle, as above discussed. OCGA § 33-7-11 (b) (1). The term "uninsured motor vehicle" was not meant to be given one definition for purposes of OCGA § 33-7-11 (d) (2) and a different definition when appearing in other parts of the Code section; such a split interpretation would be absurd. In statutory construction we strive to avoid absurdity. See *Mansfield v. Pannell*, 261 Ga. 243, 244-245 (404 SE2d 104). In *Ford v. Ga. Farm &c. Ins. Co.*, 191 Ga. App. 735, 736 (382 SE2d 659), appellant/plaintiff was injured when his employer's vehicle was struck by a vehicle operated by a man named Miller. Appellant brought suit against Miller who had a policy of automobile insurance that provided $25,000 in bodily injury liability coverage thereby giving rise to an underinsured rather than an uninsured tortfeasor situation; appellant also served appellee/defendant, which was appellant's own insurance company, and appellee/defendant insurer filed an answer in its own name. The court in *Ford* concluded: "[a]ppellee [insurer] filed an answer in its own name and it thereby became a *party* to the action." (Emphasis supplied.) Id. at 736. Thus, whether the tortfeasor is in effect uninsured or underinsured, once the uninsured motorist carrier is served, the statute gives it certain options among which is "the right to participate directly in the proceedings by filing pleadings in its own name, thereby assuming the status of a party." *Bohannon v. Futrell*, 189 Ga. App. 340, 341 (1) (375 SE2d 637); see generally Jenkins and Miller, Ga. Auto. Ins. Law (Rev. ed.), §§ 41-1 and 48-1 at pp. 293, 323. The right to participate directly in the proceedings includes the right to engage in discovery in accordance with the provisions of applicable discovery statutes. See, e.g., Civil Practice Act, Title 9 of OCGA, Chapter 11, Section 5 (OCGA § 9-11-26 et seq.). Appellants' enumeration of error is meritless.

2. Notwithstanding the above, OCGA § 33-7-11 (d) (2), as amended, provides that "[a] motor vehicle shall not be deemed to be an uninsured motor vehicle within the meaning of this Code section when the owner or operator of such motor vehicle has deposited security, pursuant to Code Section 40-9-32, in the amount of $15,000.00 where only one person was injured or killed, $30,000.00 where more than one, or $10,000.00 for property damage." Pretermitting whether OCGA § 33-7-11 (d) (2) applies to the provisions of subsection (d) of OCGA § 33-7-11, or only pertains wherever the term "uninsured motor vehicle" appears in the text of the Code section, is the question of

whether appellant has been shown to have "deposited security, pursuant to Code Section 40-9-32," within the meaning of OCGA § 33-7-11 (d) (2) so as to trigger the operation of that subsection.

We conclude that the security requirements of OCGA § 40-9-32 do not apply in this case as the owner or operator of the alleged tortfeasor's motor vehicle was exempt therefrom by the provisions of OCGA § 40-9-34, as there appears to have been in effect at the time of the "accident" the requisite automobile liability policy. We do not agree with appellant that being exempt from the deposit of security required by OCGA § 40-9-32 is the equivalent of having "deposited security" for purposes of OCGA § 33-7-11 (d) (2). If the legislature had intended to trigger the provisions of OCGA § 33-7-11 (d) (2) merely because the tortfeasor had in effect at the time of the "accident" minimum liability insurance, it would have been an easy matter for them to have so provided. Cf. *Mansfield v. Pannell*, 194 Ga. App. 549, 551 (390 SE2d 913); *AAA Bonding Co. v. State of Ga.*, 192 Ga. App. 684, 685 (2) (386 SE2d 50). The record does not reflect that defendant Hodges in fact *deposited* any security in this case; nor was she required to deposit security under OCGA § 40-9-32, as she appears to have been exempt from that statutory requirement pursuant to OCGA § 40-9-34. Therefore this situation does not fall within the ambit of OCGA § 33-7-11 (d) (2). The second enumeration of error also is without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED DECEMBER 3, 1991 —
RECONSIDERATION DENIED JANUARY 16, 1992 — 

*Hudson & Solomon, James D. Hudson*, for appellants.
*Dillard, Landers & Bower, Terry A. Dillard, Bryant H. Bower, Jr., Young, Young & Clyatt, F. Thomas Young, Sherry S. Harrell*, for appellees.