## A01A0811. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. WILKERSON.
(549 SE2d 740)

POPE, Presiding Judge.

Georgia Farm Bureau Mutual Insurance Company ("GFB") issued a personal automobile insurance policy covering a 1994 Ford Ranger truck. On each of three declaration pages contained in the policy, Kathy McDowell is identified as the "Named Insured." On one of those pages, McDowell's son Eric Wilkerson is listed as the number one driver of the car. The issue in this case is whether Eric Wilkerson should be considered a "named insured" under the policy because of this listing.

The parties stipulated to the facts of the case. The facts show that McDowell and Glenn Wilkerson, parents of Eric and Brian Wilkerson, live separately, and the young men live with their father. At all relevant times, GFB provided three automobile insurance policies to Glenn Wilkerson, and each policy provided $15,000 per person of uninsured/underinsured motorist bodily injury coverage. At all relevant times, GFB also insured McDowell, including the same uninsured/underinsured coverage. As stated previously, that policy covered a 1994 Ford Ranger truck, and Eric, age twenty-two at the time, was listed as the number one driver, and he paid all premiums due on that policy.

On November 6, 1998, Brian, age 19 at the time, was involved in an accident while he was driving a 1973 Ford F-100 owned by his father and insured by GFB. The other driver caused the accident and was underinsured. GFB has already paid Brian $30,000 in underinsured motorist benefits under the three policies issued to his father. The issue in this case is whether Brian is also entitled to the uninsured benefits under the policy issued to his mother on the 1994 Ford Ranger.

Brian Wilkerson brought this action for declaratory judgment against GFB to answer that question. After a bench trial on the stipulated facts, the trial court found that Brian was covered under his mother's policy. GFB appeals.

The parties and the trial court agree that Brian would be entitled to benefits under his mother's policy if he is considered an "insured." And, that in order to be considered an insured, his brother Eric would have to be considered a "named insured." This is so under the following policy provisions:

DEFINITIONS A. Throughout this policy, "you" refer [sic] to: 1. The "named insured" shown in the Declarations; and 2. The spouse if a resident of the same household. . . . F. "Family member" means a person related to you by blood,

marriage or adoption who is a resident of your household. . . . PART C — UNINSURED MOTORISTS COVERAGE A. We will pay compensatory damages in excess of any applicable deductible shown in the Declarations for this coverage which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of. . . . B. "Insured" as used in this Part means: 1. You or any "family member"; 2. any other person "occupying" "your covered auto. . . ."

McDowell's name and address are printed immediately below the words "NAMED INSURED AND ADDRESS" on each of the three form declaration pages of the policy. Just below McDowell's address on the third of these pages is a list that identifies Eric Wilkerson as Driver "01" and McDowell as Driver "02." This list contains no addresses. The trial court construed this declaration page to mean that, in addition to his mother, Eric was a "named insured" under the policy. And, because Brian lived in the same household as Eric, he was an insured "family member."

When there are no issues of fact, the construction of an insurance policy is a matter of law for the court. *Cincinnati Ins. Co. v. Davis*, 153 Ga. App. 291, 294 (265 SE2d 102) (1980).

GFB argues that the policy is not ambiguous and that it clearly shows that McDowell is the only "named insured." Brian Wilkerson argues that the policy must be construed against GFB because it does not define "named insured" and therefore it is ambiguous. We agree with GFB.

The policy covers any "insured," which is defined to mean "you" and any family member living with "you." The policy states that "you" refers to the "named insured" on the declaration page. A definition for "named insured" is not required. One simply need look at the declaration page to see who is listed as the named insured. All three declaration pages list the named insured as McDowell. One page also lists drivers, but by definition, "you" does not refer to drivers but only to the "named insured." And, the simple fact that this list of drivers appears on a declaration page does not render ambiguous the otherwise clear reference to McDowell as the named insured. Although Eric may be insured because he is an authorized driver of the insured vehicle, he is not the named insured. There is no ambiguity. Cf. *Griffen v. State Farm &c. Ins. Co.*, 129 Ga. App. 179, 182 (1) (199 SE2d 101) (1973) (amending a policy to add a person as a driver of the insured vehicle does not make that person a "named insured"). Our holding is consistent with cases from other jurisdictions addressing the point. See, e.g., *Nationwide Mut. Ins. Co. v. Williams*, 123 N.C. App. 103, 106-108 (472 SE2d 220, 222-223) (1996) ("listed driver" on

auto policy was not a "named insured"); *Millspaugh v. Ross*, 645 NE2d 14, 16-17 (Ind. App. 1994) (although being listed as the principal driver may be relevant for other purposes, it does not transform one into a named insured); *Hodges v. Pa. Nat. Ins. Co.*, 260 N.J. Super. 217 (615 A2d 1259) (1992) (where mother's name was shown under the heading "named insured" on each policy page and daughter's name shown only as "Driver No. 2," daughter was not the "titled 'insured' on the policy").

Because there is no ambiguity, "the policy is not open to construction but the literal meaning must be attributed to it." *Cotton States Mut. Ins. Co. v. Bowden*, 136 Ga. App. 499, 500 (221 SE2d 832) (1975).

We note that there is nothing in the policy nor any of the endorsements that specifically explains the significance of being listed as a driver on the declaration page. The term "driver" is not defined, nor does the definition of "insured" include a nonresident family member who is listed as a driver. Although the designation "driver" may be used to show permission to use the insured vehicle, this meaning is not stated in the policy. But this case does not involve the meaning of listing a driver on the policy. And just because identifying one as a "driver" may be ambiguous does not make ambiguous the otherwise plain and clear reference to McDowell as the only " 'named insured' shown in the Declarations."

Brian Wilkerson argues that *Ga. Farm &c. Ins. Co. v. Schlies*, 238 Ga. App. 299 (520 SE2d 468) (1999), holds that a listed driver on a policy is a named insured. But he misreads the case. In *Schlies* the husband was a named insured on the policy in addition to being a listed driver. Id. at 300-301.

Brian Wilkerson also argues that because "family member" is not defined in the uninsured motorist benefits part of the policy, the definition of that term found in the "Definitions" section of the policy does not apply. Therefore, he contends, because he is McDowell's son, even though he does not live with his mother, he should be considered a covered family member. This interpretation defies one of the most well-established rules of contract interpretation, that the contract must be construed as a whole. See OCGA § 13-2-2 (4). We find no merit in this argument.

*Judgment reversed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED MAY 29, 2001 —
RECONSIDERATION DENIED JUNE 14, 2001 —

*Reinhardt, Whitley & Wilmot, Glenn Whitley,* for appellant.
*James W. Hurt,* for appellee.