### A04A0902. BEARD v. NUNES.
(603 SE2d 735)

MIKELL, Judge.

The underlying negligence action was brought by Charlotte Beard, as next friend of her daughter Cherish Beard, a minor. The Beards appeal from the trial court's grant of summary judgment to State Farm Mutual Automobile Insurance Company ("State Farm"), assigning error to the court's conclusion as a matter of law that they were not eligible to "stack" or combine the uninsured motorist ("UM") coverage provided in five policies owned by another individual. We affirm.

> In reviewing grants of summary judgment, this Court conducts a de novo review of the law and the evidence. To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation omitted.) *Smith v. Nationwide Mut. Ins. Co.,* 258 Ga. App. 570-571 (574 SE2d 627) (2002).

The record shows the following undisputed facts: On August 29, 2001, Cherish was a passenger in a 1997 Ford F-150 truck driven by her mother. Michael Nunes, who was driving a 2001 Chevrolet truck in the opposite direction, turned left into Charlotte's lane in an effort to pull into a parking lot. The two cars collided. Cherish lost four permanent teeth and broke another as a result of the collision.

It was also undisputed that the truck Charlotte was driving was owned by David Cordle, her brother-in-law, and that he had given her

permission to operate it. Cordle's five vehicles, including the truck involved in the accident, were insured by State Farm, and each vehicle carried UM bodily injury coverage in the amount of $25,000.[1] Nunes was insured by Georgia Farm Bureau, which provided for $25,000 in liability coverage. The Beards felt that the injuries to Cherish exceeded the $25,000 provided by Nunes's insurance coverage, so they sought to stack the State Farm policies owned by Cordle. Neither of the Beards was a named insured on any of Cordle's policies, nor did either reside in his home.

In the sole error presented on appeal, the Beards argue that the trial court erred in determining that Cherish was not entitled to stack Cordle's insurance policies.[2] OCGA § 33-7-11 (a) (1) provides the basis for stacking by requiring insurance companies to have a provision in their contracts "to pay the insured all sums which said insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." We have held that "uninsured motorist benefits are calculated by stacking the limits of all of the available uninsured motorist coverage and setting off the limits of the available liability coverage." (Punctuation and footnote omitted.) *Crafter v. State Farm Ins. Co.*, 251 Ga. App. 642, 643 (554 SE2d 571) (2001).

The parties do not dispute that the statute creates two categories of insured persons. The first consists of "the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise." OCGA § 33-7-11 (b) (1) (B). Since Cherish is neither named in the policy nor residing in the same household as Cordle, she would not fit into this category.

The second category consists of "any person who uses, with the expressed or implied consent of the named insured, the motor vehicle to which the policy applies; a guest in such motor vehicle to which the policy applies." OCGA § 33-7-11 (b) (1) (B). Note that, unlike the first provision, this one contains language that conditions status as an insured on the involvement of the "motor vehicle to which the policy applies." In *Gulf American Fire &c. Co. v. McNeal*, 115 Ga. App. 286 (154 SE2d 411) (1967), we concluded that this class of insured persons is covered "only when the insured automobile is involved." (Punctuation omitted.) Id. at 291 (3); accord *Anderson v. Ford*, 168 Ga. App. 684, 685 (309 SE2d 854) (1983).

---

[1] One of the policies may have provided for less UM coverage; however, appellant Beard acknowledges in her appellate brief that the exact amount of coverage is not relevant to the issue on appeal.

[2] They do not contest the set-off by Nunes's liability coverage under OCGA § 33-7-11 (b) (1) (D) (ii), so we will not address that portion of the trial court's judgment.

The Beards rely on *Ford v. Georgia Farm &c. Ins. Co.*,191 Ga. App. 735 (382 SE2d 659) (1989), to support their argument that there is no distinction between the two classes of insured individuals; however, that case is distinguishable from the case at bar. In *Ford*, the injured party was only named in one of the three insurance policies he sought to stack, with the other two policies belonging to his wife and to his employer. But he would have been considered insured under those policies regardless of which vehicle was involved. Id. at 736. The only issue in *Ford* was whether someone in the first category could stack policies in which he was not a named insured, and this Court answered affirmatively. Id. at 737. Conversely, in the present case, the Beards are attempting to stack policies for the benefit of a person in the second category of insured persons. We held in *Ford* that OCGA § 33-7-11 (b) (1) (D) (ii) "is designed to protect the insured as to his actual loss, within the limits of the policy or *policies of which he is the beneficiary.*" (Emphasis in original.) Id., citing *State Farm Mut. Auto. Ins. Co. v. Murphy*, 226 Ga. 710, 714 (177 SE2d 257) (1970). Because Cherish was not a beneficiary of the other four Cordle policies, she was not entitled to stack them. Accordingly, the trial court properly granted summary judgment to State Farm.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 23, 2004 — 

*Albert Palmour, Johnny R. Dennis*, for appellant.
*Magruder & Sumner, J. Clinton Sumner, Jr., Stephen P. Woodard, Minor, Bell & Neal, Dennis D. Watson, Thomas D. Weldon, Jr.*, for appellee.