## A06A0063. JEFFERSON INSURANCE COMPANY v. THOMAS et al.

### (628 SE2d 171)

MIKELL, Judge.

At issue is whether Jefferson Insurance Company ("Jefferson"), the uninsured motorist insurer of a passenger injured in a single car automobile collision, must provide the coverage afforded by the permissive driver's insolvent liability insurer by reason of OCGA § 33-36-14 (a). The trial court ruled that Jefferson must provide the coverage afforded by the insolvent insurer. We disagree and reverse.

Trinawa Thomas sued Michelle Meachum for damages, alleging that on June 6, 1999, Thomas was a passenger in an automobile driven by Meachum when Meachum negligently caused the vehicle to leave the roadway and collide with a tree, injuring Thomas. Jefferson insured Thomas through a policy providing her with $15,000 in uninsured motorist coverage. Meachum was insured by Sun States Insurance/International Indemnity Company ("Sun States") through a policy providing $15,000 per person and $30,000 per accident in bodily injury liability coverage, but Sun States became insolvent after issuing the policy. Thomas filed a proof of her claim against Sun States with the Commissioner of Insurance of the State of Georgia, as liquidator. The automobile driven by Meachum was owned by a nonparty and insured by Progressive Casualty Insurance Company ("Progressive"), which provided $15,000 per person and $30,000 per accident in bodily injury liability coverage and $15,000 per person and $30,000 per accident in uninsured motorist coverage.

After being served with and answering the complaint, Jefferson filed a motion for summary judgment, contending that its policy's uninsured motorist benefits were not available to Thomas. The trial court agreed, finding that because Progressive was a liability insurer, its uninsured motorist coverage was not available to stack with Jefferson's uninsured motorist coverage. See *Beard v. Nunes*, 269 Ga. App. 214, 215 (603 SE2d 735) (2004) ("uninsured motorist benefits are calculated by stacking the limits of all of the available uninsured motorist coverage and setting off the limits of the available liability coverage") (punctuation omitted), citing *Crafter v. State Farm Ins. Co.*, 251 Ga. App. 642 (554 SE2d 571) (2001) (insured's vehicle could not serve as the uninsured vehicle for purposes of triggering entitlement to the policy's uninsured motorist benefits). Therefore, the trial court reasoned, the available liability coverage was $15,000 and the available uninsured motorist coverage was $15,000, leaving Thomas no possible recovery under the uninsured motorist coverage provided by Jefferson. However, the trial court further held that Jefferson "must provide the $15,000 coverage afforded by the insolvent insurer

Sun States, pursuant to OCGA § 33-36-14 (a)." Jefferson appeals from this ruling following our grant of its application for interlocutory appeal.

OCGA § 33-36-1 et seq., the "Georgia Insurers Insolvency Pool Act," was enacted as "a remedy for covered claims under property and casualty insurance policies when the insurer has become insolvent and is unable to perform its contractual obligations." OCGA § 33-36-2.[1] At the time of the occurrence at issue, OCGA § 33-36-14 (a) provided:[2]

> Any person, including any individual, partnership, association, or corporation, having a claim against a policy or an insured under a policy issued by an insolvent insurer, which claim is a covered claim *and is also a claim within the coverage of any policy issued by a solvent insurer,* shall be required to exhaust first his rights under such policy issued by the solvent insurer. The policy of the solvent insurer shall be treated as primary coverage and the policy of the insolvent insurer shall be treated as secondary coverage and his rights to recover such claim under this chapter shall be reduced by any amounts received from the solvent insurers.

(Emphasis supplied.) Since the trial court found that Jefferson's uninsured motorist coverage was not available, Thomas's claim was not a claim "within the coverage of any policy issued by" Jefferson. Further, OCGA § 33-36-14 (a) only applies to claims covered by the policy of the solvent insurer, causing such insurance to be considered primary insurance. In other words, after considering the plain language of the statute, we find no basis for requiring Jefferson to "step into the shoes of the insolvent insurer," as contended by Thomas. It follows that Jefferson was entitled to summary judgment on this issue.

*Judgment reversed. Blackburn, P. J., and Adams, J., concur.*


DECIDED MARCH 7, 2006.

*Drew, Eckl & Farnham, Paul W. Burke, Steven D. Brower,* for appellant.

---

[1] This language was deleted effective July 1, 2005. See Ga. L. 2005, p. 572, § 11.

[2] The statute was amended, effective July 1, 2005, by Ga. L. 2005, p. 582, § 20.

*Merritt & Grinstead, Leonard M. Grinstead, Hugh M. Worsham, Jr.,* for appellees.