A08A1606. STATON et al. v. STATE FARM AUTOMOBILE INSURANCE COMPANY.

(669 SE2d 164)

ELLINGTON, Judge.

The Superior Court of Floyd County granted the motion for partial summary judgment filed by State Farm Automobile Insurance Company after finding as a matter of law that Cecil Staton ("Staton") is not entitled to underinsured motorist ("UM") coverage under two automobile insurance policies issued to Staton's employer.[1] Staton appeals, contending that the trial court erred in finding that the policies were unambiguous and in ruling that he is not entitled to "stack" the policies on other coverages. For the following reasons, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations omitted.) *BBL-McCarthy, LLC v. Baldwin Paving Co.*, 285 Ga. App. 494, 494-495 (646 SE2d 682) (2007).

Viewed in the light most favorable to Staton as the nonmovant, the record shows the following. On January 9, 2003, the car that Jessica Williams ("Williams") was driving hit the 2001 Chevrolet Suburban that Staton was driving, and Staton was severely injured. Williams' car was insured under an automobile liability policy issued to her mother, which carried a liability limit of $50,000. The Suburban Staton was driving was owned by his employer, Smyth & Helwys Publishing, Inc. ("S&H"), a Subchapter S corporation of which Staton was also an officer and the majority shareholder. S&H carried a State Farm insurance policy on the Suburban that included

---

[1] Staton's wife, Catherine Staton, and his employer, Smyth & Helwys Publishing, Inc., joined as plaintiffs and asserted derivative claims in his tort action against another driver, Jessica Williams, and her mother, Debra Williams. Catherine Staton and Smyth & Helwys Publishing, Inc., likewise join in Staton's appeal.

$100,000 per person in UM coverage. S&H owned two other vehicles, a 2002 Volvo S60 and a 2000 Lincoln Navigator, and insured them under separate State Farm policies that also included $100,000 per person of UM coverage. Because Staton's damages exceed $100,000, the total he might collect from Williams' liability coverage ($50,000) and the UM coverage on the Suburban (an additional $50,000), Staton seeks to stack the policies covering the Suburban, the S60, and the Navigator.[2]

After being served with a copy of Staton's complaint against Williams and her mother and filing an answer pursuant to OCGA § 33-7-11,[3] State Farm filed its motion for partial summary judgment. In that motion, State Farm sought a determination that Staton is a beneficiary only of the UM policy covering S&H's Suburban and, therefore, Staton cannot stack the policies covering S&H's other two vehicles. The trial court found that the policies covering the S60 and the Navigator were unambiguous and concluded that Staton was an insured for UM coverage only as to the vehicle he occupied at the time of the accident. As a result, the trial court concluded, Staton cannot stack the policies covering the S60 and the Navigator.

Staton contends that the policies were ambiguous in terms of the definition of an insured for UM coverage. Staton contends that, when the definition of an insured is construed in his favor, he is an insured for UM coverage under the policies for the S60 and the Navigator. As a result, Staton contends, the trial court erred in ruling that he cannot stack the UM coverage for the S60 and the Navigator.

Under Georgia law,

> contracts of insurance are interpreted by ordinary rules of contract construction. Where the terms are clear and unambiguous, and capable of only one reasonable interpretation, the court is to look to the contract alone to ascertain the parties' intent. The contract is to be considered as a whole and each provision is to be given effect and inter-

---

[2] See *Beard v. Nunes*, 269 Ga. App. 214, 215 (603 SE2d 735) (2004) ("[U]ninsured motorist benefits are calculated by stacking the limits of all of the available uninsured motorist coverage and setting off the limits of the available liability coverage.") (citation and punctuation omitted).

[3] In the case of a known owner or operator of [an uninsured motor] vehicle, either or both of whom are named as a defendant in [an] action [for injury or damages], the insurance company issuing the [uninsured motorist] policy shall have the right to file pleadings and take other action allowable by law in the name of either the known owner or operator or both or itself.

OCGA § 33-7-11 (d).

preted so as to harmonize with the others. However, if a provision of an insurance contract is susceptible of two or more constructions, even when the multiple constructions are all logical and reasonable, it is ambiguous, and the statutory rules of contract construction will be applied. See OCGA § 13-2-2 (rules of interpretation).

(Citations and punctuation omitted.) *Fireman's Fund Ins. Co. v. Univ. of Ga. Athletic Assn.*, 288 Ga. App. 355, 356-357 (654 SE2d 207) (2007).

The policies covering each of S&H's vehicles define the term "you" as "the named insured or named insureds shown on the declarations page." On the declarations pages, the policies covering each of S&H's vehicles identify S&H as the "named insured." At State Farm's request, S&H reported the names of the licensed drivers who would be driving the vehicles. State Farm provided S&H with a written confirmation of coverage for each vehicle that listed the coverages and limits of the policies and, as "licensed drivers reported to" State Farm, named Staton, his wife, and S&H's executive vice president.

For use throughout the policies, the policies define "insured" as "the person, persons or organization defined as insureds in the specific coverage." A "person" is defined as "a human being." In Section III, which sets out the policies' uninsured motorist coverage, State Farm agrees to "pay damages for bodily injury and property damage an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle[.] . . . The bodily injury must be sustained by an insured." The uninsured motorist coverage defines "insured" as

the person or persons covered by uninsured motorist coverage. This is:
1. the first person [i.e., human being] named in the declarations;
2. his or her spouse;
3. their relatives; and
4. any other person while occupying:
   a. your car[4]. . . ; or
   b. a car not owned by or leased to you, your spouse or any relative. . . . It has to be driven by the first person

---

[4] The policies define "your car" as "the car or the vehicle described on the declarations page but only while you are the owner." The policies provide that State Farm agrees to insure "you" (the named insured) in reliance on "your statements," including that "you are the sole owner of your car."

> named in the declarations or that person's spouse and
> within the scope of the owner's consent. . . .
> 5. any person entitled to recover damages because of bodily
> injury to an insured under 1 through 4 above.[5]

The threshold issue presented in this case is whether the provisions of the policies covering the S60 and the Navigator that identify an insured for UM coverage are susceptible of at least two constructions and are, therefore, ambiguous. Specifically, we must determine whether the policies at issue can be construed to provide that Staton is an insured for UM coverage, regardless of whether he occupies the vehicle when he is injured, because he was reported to State Farm as a licensed driver and, accordingly, named in the confirmation of coverage. We find that the policies can be so construed.

Initially, we observe that the Uninsured Motorist Act requires the definition of "insured" to include, inter alia,

> the named insured and, while resident of the same house-
> hold, the spouse of any such named insured and relatives of
> either, while in a motor vehicle or otherwise; any person
> who uses, with the expressed or implied consent of the
> named insured, the motor vehicle to which the policy
> applies; a guest in such motor vehicle to which the policy
> applies; or the personal representatives of any of the above.

OCGA § 33-7-11 (b) (1) (B). Thus, under the statutory definition, there are essentially two categories of insureds: (1) the named insured and persons related to him or her in a specified way, and (2) persons occupying the insured vehicle at the time of the incident. *Beard v. Nunes*, 269 Ga. App. 214, 215 (603 SE2d 735) (2004). See generally Frank E. Jenkins et al., Georgia Automobile Insurance Law, §§ 30:1, 30:5 (2007 ed.). Because an insured in the first category is covered "while in a motor vehicle or otherwise," the coverage applies at all times, regardless of whether the insured occupies a vehicle when injured. *Doe v. Rampley*, 256 Ga. 575, 577 (1) (351 SE2d 205) (1987) ("The only requirement is that he be an insured who is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle."). See generally OCGA § 33-7-11; Georgia Automobile Insurance Law, § 30:1. Since a corporation can have no spouse or family, the first category is limited to the named insured in cases where a corporation is the named insured. *Pennsylvania Lumbermens Mut. Ins. Co. v. Haney*, 189 Ga.

---

[5] In the remaining four types of coverage, the only "insured" is the named insured.

App. 216, 217-218 (1) (375 SE2d 293) (1988); see Georgia Automobile Insurance Law, § 30:6.

Policy exclusions that attempt to limit the statutory definition of an insured are unenforceable;[6] an insurer may, however, opt to issue policies with a *broader* definition of an "insured." *Major v. Allstate Ins. Co.*, 207 Ga. App. 805 (1) (429 SE2d 172) (1993); *Jones v. Barnes*, 170 Ga. App. 762, 764-765 (318 SE2d 164) (1984) (physical precedent only); see Georgia Automobile Insurance Law, § 30:5. In this case, State Farm's UM provision did not define an "insured" as "you," that is, the named insured, his or her spouse, and their resident relatives. Instead, State Farm used the language, "the first person [i.e., human being] named in the declarations," his or her spouse, and their relatives.[7] Particularly in light of the fact that, as a corporation, the named insured, S&H, could not qualify as "the first person named in the declarations" or have a spouse or relatives, the policies are susceptible of the construction that Staton is "the first person named in the declarations" by virtue of being named first as a "licensed driver[ ] reported to" State Farm.[8] See *Ford v. Ga. Farm &c. Ins. Co.*, 191 Ga. App. 735, 737 (382 SE2d 659) (1989) (a person who is an insured for UM coverage under a policy, but is not the named insured, can stack the policy on other coverages).

Because the policies' definition of an "insured" for UM coverage is susceptible of more than one reasonable construction, it is ambiguous under Georgia law, and we must apply the applicable rules of interpretation. *Fireman's Fund Ins. Co. v. Univ. of Ga. Athletic Assn.*, 288 Ga. App. at 362 (1).

> When a provision of an insurance contract is ambiguous, three well known rules apply in the construction of the contract: any ambiguities in the contract are strictly construed against the insurer as drafter of the document; any

---

[6] *White v. Metro. Property &c. Ins. Co.*, 266 Ga. 371, 373 (467 SE2d 333) (1996); *Doe v. Rampley*, 256 Ga. at 576 (1).

[7] By contrast, the policies' liability coverage defined "insured" as
1. you;
2. your spouse;
3. the relatives of the first person named in the declarations;
4. any other person while using [the car identified in the declarations] if its use is within the scope of consent of you or your spouse; and
5. any other person or organization liable for the use of such a car by one of the above insureds.

[8] Cf. *Ga. Farm &c. Ins. Co. v. Wilkerson*, 250 Ga. App. 100, 101-102 (549 SE2d 740) (2001) (where UM coverage defined an "insured" as "You [the 'named insured' shown in the declarations and the spouse if a resident of the same household] or any family member," the named insured's son was not considered the named insured for purposes of UM coverage merely because he was listed on the declarations page as an authorized driver of the insured vehicle).

> exclusion from coverage sought to be invoked by the insurer is likewise strictly construed; and the insurance contract is to be read in accordance with the reasonable expectations of the insured where possible.

(Citation, punctuation and footnote omitted.) Id. at 357. Construing the policies against State Farm as drafter of the document favors Staton's position. In addition, Staton deposed that S&H and Staton individually purchased an array of insurance policies from State Farm, including workers' compensation insurance, homeowners' insurance, commercial real property insurance, and personal umbrella coverage, with the purpose of obtaining "sufficient coverage for any foreseeable claim that might arise." Based on the assurances of the State Farm agent who for ten years had advised Staton regarding his personal and business insurance needs, Staton "understood that the UM coverages would stack in the event of a catastrophic accident, such as occurred in this case." Under the circumstances, we conclude that reading the definition of an "insured" for UM coverage in accordance with Staton's reasonable expectations results in identifying Staton as an insured for UM coverage under the policies covering S&H's S60 and Navigator. Accordingly, the trial court erred in finding that the policies do not stack and in granting State Farm's motion for summary judgment on that basis.

*Judgment reversed. Blackburn, P. J., and Miller, J., concur.*

DECIDED OCTOBER 8, 2008 —
RECONSIDERATION DENIED OCTOBER 23, 2008 —

*David F. Guldenschuh*, for appellants.
*Martin Snow, Cubbedge Snow III, Thomas P. Allen III, Magruder & Sumner, J. Clinton Sumner, Jr., John A. Owens*, for appellee.