### A11A2420. DUNN-CRAFT v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
(724 SE2d 903)

MIKELL, Presiding Judge.

Judy Dunn-Craft appeals the trial court's grant of summary judgment to State Farm Mutual Automobile Insurance Company ("State Farm"), assigning error to the trial court's conclusion that, as a matter of law, she was not eligible to "stack" or combine uninsured motorist ("UM") coverage provided in four State Farm policies owned by another individual. Dunn-Craft also assigns error to the trial court's conclusion that she is not entitled to UM coverage under her employer's insurance policies with American Home Assurance Company ("American Home") and National Union Fire Insurance Company ("National Union"). We affirm.

Summary judgment is appropriate if the pleadings and evidence show no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.[1] On appeal from the grant or denial of summary judgment, an appellate court conducts a de novo review, construing all reasonable inferences in the light most favorable to the nonmoving party.[2]

So viewed, the record shows that on March 7, 2007, Dunn-Craft, an employee of the Atlanta Journal-Constitution, was driving behind a new employee on his newspaper delivery route when she noticed movement in bushes on her right, on the opposite side of the road. Concerned that a person or animal had been injured, Dunn-Craft turned around and proceeded back to the area where she stopped her car in the oncoming traffic lane with her lights on. She exited the car and noticed an injured deer on the side of the road. After investigating the incident and calling for help, Dunn-Craft was struck by a car driven by Oliver Dwayne Hutchins and suffered severe injuries.

The jeep Dunn-Craft was driving at the time of the accident was owned and insured by her boyfriend, Steven Vinson. Vinson owned three additional automobiles and insured all four of them with State Farm. Dunn-Craft was a listed driver on all four of these policies. Dunn-Craft felt that her injuries exceeded the $25,000 provided by

---

[1] OCGA § 9-11-56 (c).
[2] *Alston & Bird LLP v. Mellon Ventures II, L.P.*, 307 Ga. App. 640 (706 SE2d 652) (2010).

Hutchins' insurance coverage, and so she sought to stack the State Farm policies owned by Vinson.

Dunn-Craft brought suit against Hutchins and his employer and also served appellees. State Farm, American Home, and National Union filed answers in their own names, thereby becoming parties to the action.[3] All three insurance companies filed motions for summary judgment. The trial court partially denied summary judgment to State Farm, finding that a question of material fact existed as to whether Dunn-Craft could recover UM benefits under the policy insuring the jeep, but granted summary judgment on State Farm's claims that Dunn-Craft was not eligible to stack the other three policies in Vinson's name because she was not the named insured or the spouse or resident relative of the named insured. The trial court also granted summary judgment to American Home, which issued a business auto policy to her employer, and National Union, which issued a commercial umbrella policy to her employer, finding that Dunn-Craft was not covered under these policies.

1. Dunn-Craft argues that the trial court erred in determining that she was not entitled to stack Vinson's insurance policies. We disagree.

OCGA § 33-7-11 (a) (1) provides the basis for stacking by requiring insurance companies to have a provision in their contracts to pay the insured sums he shall be entitled to recover as damages from the owner or operator of an uninsured motor vehicle.[4] The statute further creates two categories of insured persons. The first category consists of "the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise."[5] Coverage for this first classification attaches to the insured regardless of location and such insureds need not be in the insured automobile.[6] Dunn-Craft's argument that because she is a listed driver on Vinson's State Farm renewal premium notices, she is a named insured entitled to stack UM coverage on the additional State Farm policies, is misguided. Georgia law is clear that listed drivers are not named insureds.[7]

---

[3] See *Ford v. Ga. Farm &c. Ins. Co.*, 191 Ga. App. 735, 736 (382 SE2d 659) (1989), citing *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165, 167 (268 SE2d 676) (1980).

[4] OCGA § 33-7-11 (b) (1) (B); *Beard v. Nunes*, 269 Ga. App. 214, 215 (603 SE2d 735) (2004) (uninsured motorist benefits calculated by stacking limits of all available uninsured motorist coverage and setting off limits of available liability coverage).

[5] OCGA § 33-7-11 (b) (1) (B); *Beard*, supra.

[6] *Doe v. Rampley*, 256 Ga. 575, 577 (1) (351 SE2d 205) (1987).

[7] *Ga. Farm &c. Ins. Co. v. Wilkerson*, 250 Ga. App. 100, 101 (549 SE2d 740) (2001) (although injured driver may be insured because he is an authorized driver of the insured vehicle, he is not the named insured when not listed as such on declaration page of policy). Accord *Griffin v. State Farm &c. Ins. Co.*, 129 Ga. App. 179, 182 (1) (199 SE2d 101) (1973)

Accordingly, because Dunn-Craft is neither Vinson's relative nor a named insured on the State Farm policy, she does not fit into this category.

The second category consists of "any person who uses, with the expressed or implied consent of the named insured, the motor vehicle to which the policy applies."[8] It is important to note that, "unlike the first provision, this one contains language that conditions status as an insured on the involvement of the 'motor vehicles to which the policy applies.' "[9] Because Dunn-Craft was standing near the jeep, and was not inside the vehicle, at the moment she was struck, the trial court correctly concluded that a genuine issue of material fact exists as to whether the jeep was involved in the incident, such that she could be eligible for UM coverage under this second category. However, if the jury finds that the jeep was involved in the incident, Dunn-Craft would be limited to recovering UM coverage only under the State Farm policy covering that vehicle and is not eligible to stack Vinson's remaining UM policies.[10] Accordingly, we find that the trial court correctly granted summary judgment to State Farm on the issue of whether Dunn-Craft is eligible to stack the UM coverage provided by the three additional policies issued to Vinson.

2. Dunn-Craft next argues that the trial court erred in finding that Cox Enterprises, which owns the Atlanta Journal-Constitution, properly waived UM insurance under both the American Home and National Insurance policies. However, we need not reach this remaining enumeration of error because the trial court found that Dunn-Craft "failed to evidence a genuine issue of material fact that the coverage provided by [the American Home and National Union policies] extends to the accident at issue." Dunn-Craft did not raise the applicability of the policy to her accident on appeal and the argument is thus waived.[11]

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

---

(amending a policy to add a person as a driver of the insured vehicle does not make that person a "named insured").

[8] OCGA § 33-7-11 (b) (1) (B).

[9] (Citation and punctuation omitted.) *Beard*, supra.

[10] *Beard*, supra (injured passenger falling under second category is only eligible to receive UM coverage from policy covering vehicle that was involved, and thus is not entitled to stack insurance policies issued for vehicles not involved in the accident). Compare *Ford*, supra (insured driver falling under first category entitled to stack UM coverage on his wife's and his employer's policies).

[11] The duty of the appellate court is to correct errors alleged to have been made in the trial court and not to manufacture them; therefore, it cannot consider any error alleged to have been made unless there is an enumeration. *Continental Nut Co. v. Savannah Bank & Trust Co. of Savannah*, 142 Ga. App. 509, 515 (236 SE2d 501) (1977).

*Terry D. Jackson*, for appellant.

*Harper, Waldon & Craig, John B. Craig, Kevin P. Reardon, Weinberg, Wheeler, Hudgins, Gunn & Dial, Earl W. Gunn, Christopher T. Byrd, McLendon W. Garrett, Gray, Rust, St. Amand, Moffett & Brieske, Michael J. Rust, Christopher M. Ziegler, Cruser & Mitchell, William T. Mitchell, Andrew S. Ashby, Downey & Cleveland, Robert C. Harrison*, for appellees.